## STRAHLE–JOHNSON SUPPLY CO. v. JOHN DOUGLAS CO.

### No. 78.

District Court, E. D. Tennessee, S. D.

May 2, 1940.

Strong, Fletcher & Carriger, of Chattanooga, Tenn., for plaintiff.

Charles A. Noone, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

This cause is before the court on a motion to strike a motion filed by the plaintiff seeking to strike a portion of defendant's answer, on the ground that this latter motion was filed too late under the Rules.

I find that the latter motion was filed too late and sustain defendant's motion to strike.

But the plaintiff's attorneys called my attention to that portion of Rule 12, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that the court on its own initiative may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading, and requested the court to take action under this provision.

On examination of the complaint and answer, I find that the complaint contains twelve sections on four pages and the answer contains twenty-four sections on twelve pages.

It is my judgment that the first eleven sections of the answer fully meet all the allegations by way of admissions or denials contained in the complaint and fully make out the issues in the case. I think that the remaining thirteen sections of the defendant's answer do not present any affirmative defenses but are simply argumentative of the issues raised under the first eleven sections. Any and all matters in these latter thirteen sections that appears to be material in the lawsuit may appear in the proof under the issues made in the first eleven sections.

The letter and spirit of the Rules of Civil Procedure requires simple, concise, and direct denials, admissions, and averments in pleadings.

I am inclined to be of the opinion that the last thirteen sections of the answer are immaterial, but as the plaintiff seemed to be concerned only relative to the last three sections, and they appearing to be most immaterial of the last thirteen sections, I, upon my own initiative, order that the last three sections of the defendant's answer be stricken.